In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00120-CR


______________________________




SHIRLEY DUROSO KEFFER, a/k/a


SHIRLEY KEEFER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 29065-B




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Shirley Duroso Keffer, a/k/a Shirley Keefer, appellant, has filed a motion asking this
Court to dismiss her appeal. Pursuant to Tex. R. App. P. 42.2, her motion is granted.

 The appeal is dismissed.


 Donald R. Ross

 Justice


Date Submitted: September 17, 2002

Date Decided: September 18, 2002


Do Not Publish



Roman">
Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Danny C. Johnson appeals from his conviction on his open plea of guilty to assault. See Tex.
Penal Code Ann. § 22.01 (Vernon Supp. 2008). After finding true the enhancement paragraphs
in the indictment, Johnson was sentenced by the trial court to five years' imprisonment. See Tex.
Penal Code Ann. § 12.33 (Vernon 2003). Johnson was represented by different, appointed, counsel
at trial and on appeal. 

 Johnson's attorney has filed a brief which discusses the record and reviews the proceedings. 
Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there
are no arguable grounds to be advanced. This meets the requirements of Anders v. California, 386
U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Johnson on January 6, 2009, informing Johnson of his
right to examine the entire appellate record and to file a pro se response. Counsel simultaneously
filed a motion with this Court seeking to withdraw as counsel in this appeal. Johnson has not filed
a pro se response, nor has he requested an extension of time in which to file such a response.

 We have determined that this appeal is wholly frivolous. We have independently reviewed
the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We do note, however, that the trial court's judgment in this case indicates the degree of the
offense is a "2nd Degree Felony." This offense is a third-degree felony. See Tex. Penal Code Ann.
§ 22.01(b)(2). The punishment range was correctly enhanced to that of a second-degree felony. See
Tex. Penal Code Ann. § 12.42(a)(3). This Court has the authority to reform the judgment to make
the record speak the truth when the matter has been called to our attention by any source. French
v. State, 830 S.W.2d 607 (Tex. Crim. App. 1992). In Asberry v. State, 813 S.W.2d 526 (Tex.
App.--Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to reform
incorrect judgments is not dependent on request of any party; the appellate court may act sua sponte. 
The Texas Rules of Appellate Procedure provide direct authority for this Court to modify the
judgment of the trial court. Tex. R. App. P. 43.2.

 Therefore, we hereby reform the judgment to indicate the correct degree of the offense as
a third-degree felony. 

 As reformed, we affirm the judgment of the trial court. (1)




 Bailey C. Moseley

 Justice


Date Submitted: March 16, 2009

Date Decided: March 17, 2009


Do Not Publish
1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Johnson in this case. No substitute
counsel will be appointed. Should Johnson wish to seek further review of this case by the Texas
Court of Criminal Appeals, Johnson must either retain an attorney to file a petition for discretionary
review or Johnson must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 68.4.